### STEEL CITY FRUIT CO. v. MONHEIM'S WHOLESALE PRODUCE CO.

#### Civ. No. 4200.

District Court, W. D. Pennsylvania.

Feb. 4, 1946.

Harvey A. Miller, of Pittsburgh, Pa., for complainant.

Gilbert E. Morcroft, of Pittsburgh, Pa., for respondent.

McVICAR, District Judge.

This is an appeal from an order made in favor of the complainant under the Perishable Agricultural Commodities Act of 1930, 7 U.S.C.A. § 499a et seq., by the Assistant to the War Food Administrator. After hearing, the Court makes the following findings of fact and conclusions of law:

#### Findings of Fact.

1. The complainant is a partnership consisting of Lewis Barkowitz and Belle Barkowitz, doing business as Steel City Fruit Company, whose address is 315 Fruit Exchange Building, 21st and Penn Avenues, Pittsburgh, Pennsylvania.

2. Respondent is Esther Monheim, trading and doing business as Monheim's Wholesale Produce. Respondent is a duly licensed dealer under the Perishable Agricultural Commodities Act of 1930, with offices and place of business in Uniontown, Pennsylvania.

3. On June 19, 1943, complainant was the owner of a carload of cantaloupes PFEX 28582, which was shipped from Brawley, California, on that date to complainant at Pittsburgh, Pennsylvania. The cantaloupes were in good shipping condition at the time they were shipped.

4. On June 21, 1943, respondent purchased the above carload of cantaloupes (which was then rolling) from complainant by contract made with complainant, at an agreed price of $7 per crate for Jumbo 45's and $6.50 per crate for Jumbo 36's and Standard 45's, plus $20 precooling f.o.b. shipping point; the total price being $2,087.50. Respondent knew that the cantaloupes were in transit at the time of purchase.

5. Complainant, in pursuance to agreement with respondent, had the car diverted

from Pittsburgh, Pennsylvania, to the respondent at Uniontown, Pennsylvania. The contract between the complainant and the respondent did not provide that respondent could reject said cantaloupes if they were not in good condition upon arrival at Uniontown, Pennsylvania.

6. The cantaloupes arrived at Uniontown, Pennsylvania, July 3, 1943 and were in a decayed and spoiled condition such as to render them unfit for use. Respondent refused to receive said cantaloupes and to pay complainant for the same.

7. On June 21, 1943, complainant invoiced the car of cantaloupes and properly mailed said invoice to respondent at respondent's proper address at Uniontown, Pennsylvania. Upon the invoice it was set forth that "due to the present emergency and irregularity of railroad schedules we would not be responsible for any delay that might accrue on this car."

8. The normal time of transportation for the car involved in this case was approximately 11 days. The time actually in transportation was 14 days. The spoilage or decay of the cantaloupes was the result of this delay.

## Conclusions of Law.

I. The carload of cantaloupes involved was in good shipping condition when shipped from Brawley, California.

II. Respondent's contract was for purchase of the cantaloupes f.o.b. in California and did not give respondent the right to reject the cantaloupes if they were not in good condition upon arrival at Uniontown, Pennsylvania.

III. That spoilage or decay was caused by delay in transportation which was a risk of respondent under the facts of this case.

IV. That complainant is entitled to judgment in the amount of $2,087.50, with interest thereon at 5% per annum from July 3, 1943; also, for attorney's fees and costs.

## Opinion.

The decision in this action depends upon the findings of fact which are based upon evidence which was in conflict. The Court has found the facts in favor of the complainant, and consequently, has determined that judgment should be entered in its favor.

The two principal issues of fact were: First, were the cantaloupes in good shipping condition when shipped at Brawley, California, June 19, 1943? The second issue was whether respondent, under the terms of the contract of sale, was given the right to reject the cantaloupes if they were not in good condition upon arrival at Uniontown, Pennsylvania. As stated, we found both of these issues in favor of the complainant.

Let an order for judgment be prepared and submitted in accordance with the foregoing findings of fact, conclusions of law and this opinion.